| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |
|---|---|

| | |  | |
|---|---|---|---|
| LEROY SMITH, | § | | |
| | § | | |
| Plaintiff, | § | | |
| | § | | |
| *versus* | § | CIVIL ACTION H-08-3290 | |
| | § | | |
| NATHANIEL QUARTERMAN, *ET AL.*, | § | | |
| | § | | |
| Defendants. | § | | |

## Opinion on Dismissal

Leroy Smith sues Nathaniel Quarterman, Charles A. Rosenthal, Jr., Assistant District Attorney Ready Jack, Marty Moore, Joe D. Patillo, and Harris County Clerk Theresa Chang for civil rights violations. 42 U.S.C. § 1983. Smith is proceeding as a pauper. 28 U.S.C. § 19153.

Smith raises these complaints concerning a Harris County criminal prosecution based on a September 11, 2005, aggravated assault. The prosecutor and Smith's lawyer framed him. Smith could not hear in court; he thought he was pleading guilty for a sentence of eleven months. Patillo, the investigator, worked with the District Attorney and Smith's lawyer; he did not help Smith. Smith's lawyer lied. Chang lied and refused to give Smith information. All the defendants were working together in a conspiracy against Smith. The defendants were working for Harris County and Texas to hold Smith illegally. The defendants framed Smith. Smith requests a new trial "on his habeas corpus" and compensatory damages for "lost time."

Smith's claim for damages implicates the validity of his conviction. His damages claim is barred until his conviction is overturned. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Smith's claims should first be raised in an application for habeas corpus relief. *Serio v. Members of Louisiana State Board of Pardons*, 821 F.2d 1112 (5th Cir. 1987). This court will not convert this case to a habeas corpus application because Smith has applied for federal habeas corpus relief from the conviction underlying this complaint. *See Smith v. Quarterman*, H-08-2079 (S.D. Tex.).

Smith fails to state a claim recognized at law. 28 U.S.C. § 1915A(b)(1). This case will be

dismissed.

Smith's motion to proceed as a pauper (2) is granted. The Texas Department of Criminal Justice will deduct 20% of each deposit made to the plaintiff's inmate trust account and pay this to the court regularly, provided the account exceeds $10, until the filing fee, $350, is paid. The clerk will send a copy to the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702, Three Strikes List.

Signed November 21, 2008, at Houston, Texas.

Lynn N. Hughes
United States District Judge